The Chief Justice delivered the opinion of the court as follows:
The jurisdiction of this court to enquire into the manner in which the inferior tribunals have exercised the powers given to them by our statute relative to the laying out of roads, and the extent of that jurisdiction, have undergone such repeated examinations, and have been so frequently recognized and so firmly established as to render further or renewed investigation at this time unnecessary. It may suffice to refer to the cases of The Middlesex and Monmouth Road, 1 South. 290, The State v. Shreve, ibid. 297, and The State v. Conover, 2 Halst. 203. By the writ of certiorari are brought here the order of the court for recording the return of a road and all the previous proceedings on which it is founded; and if in the orders of the Court of Common Pleas, or in the proceedings of the applicants or the surveyors, or other than those on which the decision, of the court or the surveyors is declared by tl9] *the statute to be final and conclusive, substantial defects are found, the return of the road and the recording of it will be vacated and set aside. ■
Having premised these remarks by -way of shewing our power to enquire into the exceptions taken to the proceedings in question and in answer to the objection raised in this respect by the counsel for the road, we proceed to examine them.
We think it, however, necessary to notice two only, as without expressing any opinion on the others we hold them to be fatal.
1. The statute directs the court to fix the time and place of the meeting of the surveyors, requires that all persons concerned have opportunity to become informed thereof by *25 public advertisements, and at such time and place the surveyors are bound to meet. The reasons and importance of a strict compliance are manifest. The rights of persons interested may be essentially abridged if not entirely defeated, if while they are patiently waiting at the place to which they have been called under the sanction of the court, the surveyors may meet at another, and there .lawfully perform their duties. In the present case the surveyors did not, as appears from their own certificate and return, comply with the order of the court. They were directed to meet at the house of James G. Coleman, and they did meet, as they say,, at another place, the house of 'Daniel Ivins. An attempt was made to curodhis defect by the affidavit of a person who deposes that they met at the house of Coleman and from thence went to the house of Ivins for the convenience of more room. .But this mode of amending the return of the surveyors is entirely inadmissible. They certify they met at the house of Ivins; and to this hour not one of them has so far as we know contradicted it; but some person is produced to say they met at Coleman’s ; who is to be believed ? It was asserted that this affidavit does not contradict the return, because in the return the surveyors say they mot “ according to the order of the court,” but they add, “ at the house of Daniel Ivins,” thereby shewing where they met and that they did not meet according to the order of the court. If indeed the words suggested by the counsel in support of the road were inserted “at the house of James G. Coleman and adjourned to the house of Daniel Ivins,” there would be no incongruity; but they are not there; and we think they cannot be supposed there because of an affidavit which directly contradicts what the surveyors have certified.
*2d. The return does not shew that the surveyors [*20 required and received proof that public notice had been given of their meeting or that they decided upon it. The .statute declares that on due proof being made to the survey *26 ors when met, that the advertisements of their meeting have-' been set up according to law, on which they shall decide and their decision be final and conclusive, they shall view the premises and may if they think it necessary lay out the road. Without such proof they may not proceed. Their authority and jurisdiction to view and lay out the road depends on such proof. That due proof in their opinion was made ought then to appear on the face of their proceedings. For it is a clear and certain rule with respect to-persons exercising special or statute authority, that all substantial matters requisite to give them jurisdiction to-exercise such power, must not only have been performed but must appear to have been performed. The presumption in favor of jurisdiction referred to by the counsel for the road,'extends only to courts, tribunals or officers of general or common law jurisdiction, but tribunals or officers or persons executing special or statutory authority or of limited jurisdiction must shew their jurisdiction. In Rex v. Liverpool, 4 Burr. 2244, the Court of King’s Bench on certiorari quashed an inquisition and verdict of a jury taken before a sheriff under an act of parliament for bringing water into Liverpool, for the want of an averment in the inquisition that notice had been given to the parties interested, because it ought to have appeared on the inquisition and also to shew the jurisdiction, although it was contended that the party was to give the notice, the sheriff had nothing to do-with it, and that it was an anterior act to be done twenty days before the inquisition. The cáse of Rex v. Croke, Cowp. 26, is strongly to the same point. In Turner v. The Bank of North America, 4 Dallas 8, Chief Justice Ells-worth, delivering the opinion of the Supreme Court of the-United States, said, “A circuit court is of limited jurisdiction ” — “ and the fair presumption is (not as with regard to-a court of general jurisdiction, that a cause is within its-jurisdiction until the contrary appears, but rather) that a. cause is without its jurisdiction until the contrary appears- *27 This renders it necessary, inasmuch as the proceedings of no court can be deemed valid further than its jurisdiction appears or can he presumed, to set forth upon the record of a circuit court the facts or circumstances which *give [*2i jurisdiction either expressly or in such manner as to render them certain by legal intendment.”
The doctrine on which this exception to the road is founded was fully recognized in the case of the Middlesex and Monmouth road, 1 South. 290. The court say, “ The surveyors must adjourn and meet in the mode there [in the statute] prescribed, and did it appear that there had been an adjournment it- ought also to appear that that adjournment was in all respects legal and proper; but in this instance it does not certainly appear that any took place. Where none did take place nothing need be said on the subject.”
On these exceptions, we think the return and the record thereof should be vacated and set aside.